UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KRISTEN EHLRICH,

                      Plaintiff,

          -against-

RAPID RECOVERY SOLUTIONS, INC., FRANK
BOSCO, SAMUEL FIELDS, and JOHN DOE,

                      Defendants.

----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
09-CV-3305 (ADS)(WDW)

**APPEARANCES:**

**The Law Office of Joseph Mauro, LLC**
Attorneys for the Plaintiff
306 McCall Avenue
West Islip, NY 11795
    By: Joseph Mauro, Esq., Of Counsel

**Rapid Recovery Solution, Inc.**
25 Orville Drive, Suite 101A
Bohemia, NY 11716
    By: Samuel J. Fields, Esq., Of Counsel

**SPATT, District Judge**.

On September 23, 2009, Kristen Ehlrich ("the Plaintiff") filed an Amended Complaint against Rapid Recovery Solution, Inc. ("Rapid Recovery"), Frank Bosco, and Samuel Fields (collectively "the Defendants") asserting, among other claims, that the Defendants' threatening and abusive phone calls violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The Defendants have moved to dismiss

the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) on the ground that the debt the Defendants sought to recover from the Plaintiff is not actually a "debt" within the meaning of the FDCPA. For the reasons that follow, the Defendants' motion is denied.

## I. BACKGROUND

The following factual background is derived from the allegations contained in the Plaintiff's Amended Complaint. The allegations are assumed to be true for the purposes of this motion. See B&M Linen, Corp. v. Kannegiesser, USA, Corp., No. 08-CV-10093, 2010 WL 183410, at *2 (S.D.N.Y. Jan. 19, 2010) (citing In re DDAVP Direct Purchaser Antitrust Litigation, 585 F .3d 677, 692 (2d Cir. 2009)) (observing that, on a 12(b)(6) motion to dismiss, the Court must accept "as true all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor.").

The Plaintiff was employed for an undisclosed period of time by Third Screen Wireless ("Third Screen"), a company that sells cellular telephones to retail customers out of kiosks in shopping malls. The Plaintiff purchased two cellular telephones from Third Screen at an employee discount; she used one of the phones and gave the other to her mother. According to the Plaintiff, she bought the telephones for "personal, non-business, use." Pl. Am. Compl. ¶ 14. After a dispute with the owner, the Plaintiff left her job with Third Screen.

Rapid Recovery is a company engaged in the business of collecting consumer debts. The individual Defendants are all employed by Rapid Recovery. Apparently, Third Screen hired Rapid Recovery to pursue a debt that the Plaintiff owed in connection with the two cellular telephones she purchased from Third Screen. The Plaintiff alleges that, in attempting to collect this debt, Rapid Recovery collectors harassed her. In particular, she alleges that during various debt collection calls: (1) Defendant Bosco made a sexually suggestive comment; (2) Defendant Fields impersonated an attorney; and (3) the John Doe Defendant impersonated a police officer.

## II. DISCUSSION

**A. Standard - Fed. R. Civ. P. 12(b)(6)**

Under the Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

**B. The Defendants' Motion**

Congress enacted the FDCPA "'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Alibrandi v. Financial Outsourcing Services, Inc., 333 F.3d 82, 85 (2d Cir. 2003) (quoting 15 U.S.C. § 1692(e)); see Meselsohn v. Lerman, 485 F. Supp. 2d 215, 218 (E.D.N.Y. 2007) (observing that the statute is designed "to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices."). Here, the Plaintiff contends that the Defendants violated the statute by placing threatening telephone calls in connection with a debt that the Plaintiff incurred by purchasing two cellular telephones. The Defendants argue that the Plaintiff's

Amended Complaint fails to state a claim because the money owed for the cellular telephones is not a "debt" within the meaning of the FDCPA.

The statute defines a "debt" as any "obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). The Second Circuit has observed that "'at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value.'" Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 1998) (quoting Staub v. Harris, 626 F.2d 275 (3d Cir. 1980)).

Here, the Plaintiff incurred an obligation to pay Third Screen for two cellular telephones that she purchased for *personal use*. See Pl. Compl. ¶ 14. Under the circumstances, there can be no question that her allegations are sufficient to show that the Plaintiff incurred the type of "debt" contemplated by the FDCPA. The fact that she happened to purchase the phones from her employer does not alter the Court's analysis.

The allegations presented here stand in stark contrast to the facts in Orenbuch v. Leopold, Gross & Sommers, P.C., 586 F. Supp. 2d 105 (E.D.N.Y. 2008) (Spatt, J.), the case relied upon by the Defendants. In Orenbuch, the defendant law firm sent a letter to the plaintiff, a former New York City employee, informing her that the City believed it had overpaid salary to her in the amount of $2,042.77. Id. at 106. The question for the Court was whether overpaid salary is a "debt" for the purposes of the

FDCPA. The Court determined that the overpaid salary was not the sort of obligation contemplated by the statute because "there was no consumer transaction that gave rise to the debt." Id. at 108.

However, in this case, there is a consumer transaction: the Plaintiff purchased two cellular telephones and this purchase gave rise to the debt that the Defendants sought to collect. Accordingly, because the Plaintiff has alleged that she incurred a consumer debt that is covered by the FDCPA, the Defendants' motion to dismiss is denied.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Fed. R. Civ. P. 12(b)(6) motion is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
January 27, 2010

                                               */s/ Arthur D. Spatt*
                                                    Arthur D. Spatt
                                         United States District Judge